UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Criminal Case No. 23-20089

ABEL KUNNUJI, JR.,                   Sean F. Cox
                                                       United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER DENYING
DEFENDANT'S MOTION TO STAY EXECUTION OF SENTENCE (ECF NO. 39)
AND DEFENDANT'S MOTION REQUESTING JUDICIAL RECOMMENDATION ON
HALFWAY HOUSE PLACEMENT (ECF NO. 42)**

In this criminal case, Defendant Abel Kunnuji, Jr. ("Defendant") pleaded guilty to one count of Conspiracy to Make False Statement During the Acquisition of a Firearm, in violation of 18 U.S.C. § 371. This Court imposed a prison sentence but, per stipulation of the partes, the date for Defendant to report to the Bureau of Prisons was delayed, to allow Defendant to complete his current semester of college. Defendant was directed to self-report on December 12, 2024. On December 12, 2024, however, Defendant's attorney filed an "Emergency Motion To Stay Execution Of The Sentence." (ECF No. 39). Defense counsel also made an oral motion to extend the surrender date, which this Court denied on the record on December 12, 2024. On December 23, 2024, Defendant then filed a *pro se* motion asking this Court to make a judicial recommendation on halfway house placement. For the reasons set forth below, the Court concludes that a hearing is not necessary as to either motion and the Court denies both motions.

1

## BACKGROUND

In this criminal case, Defendant pleaded guilty to one count of Conspiracy to Make False Statement During the Acquisition of a Firearm, in violation of 18 U.S.C. § 371.

This Court sentenced Defendant on August 28, 2024, and imposed a prison sentence of 12 months and one day, along with a two-year term of supervised release. (*See* 9/29/24 Judgment, ECF No. 36).

Pursuant to a Stipulation of the parties, Defendant was not ordered to report to the Bureau of Prisons until after December 11, 2024, with a self-surrender date to the set by the United States Marshal Service. (*See* ECF No. 37). This was to allow Defendant to complete his current semester of college. Thereafter, Defendant was notified to self-surrender on December 12, 2024.

Acting through counsel, on December 12, 2024, Defendant filed an "Emergency" Motion to Stay Execution of his Sentence. (ECF No. 39). Defendant also made an oral motion before this Court on December 12, 2024, asking the Court to stay execution of his sentence, which was denied by this Court on the record. (*See* ECF No. 40).

On December 23, 2024, and acting *pro se*, Defendant filed a "Motion Requesting Judicial Recommendation Concerning Length of RRC/Halfway House Placement." (ECF No. 42).

The Government has responded to both of the written motions and briefing has concluded.

2

ANALYSIS

I.      **The Court Denies Defendant's Motion To Stay Execution Of Sentence.**

Acting through counsel, on December 12, 2024, Defendant filed an "Emergency" Motion to Stay Execution of his Sentence. (ECF No. 39).

The Government filed a written response to that motion, noting that the motion actually seeks a re-sentencing and that Defendant's motion fails to provide the Court with any legal authority that would authorize the Court to re-sentence Defendant under the circumstances presented here. The Government further asserts that, to the extent the motion is one seeking compassionate release, Defendant has failed to exhaust his administrative remedies.

Defendant did not file a reply in support of the motion and the time permitted for doing so has passed.

To the extent that this motion asks the Court to re-sentence Defendant, the motion is denied because Defendant has not directed the Court to any legal authority to support his request to be re-sentenced.

To the extent that this motion seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), the motion shall be denied without prejudice for failure to exhaust administrative remedies.

18 U.S.C. § 3582(c)(1)(A) allows a criminal defendant to move to modify his term of imprisonment "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" The United States Court of Appeals for the Sixth Circuit examined the nature of these

requirements for a defendants motion for compassionate release, in *United States v. Alam*, 960 F.3d 831 (6th Cir. June 2, 2020). In *Alam*, the Sixth Circuit held that § 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement is a mandatory claim-processing rule. *Id.* at 833. If a defendant fails to comply with this rule, and the Government timely objects to his motion on that basis, the Court must enforce the exhaustion requirement and dismiss the motion without prejudice. *Id*. at 834, 836. The Court may not craft an exception to this statutory exhaustion requirement. *Id.* at 834.

Here, the Government's response brief asserts that Defendant has failed to administratively exhaust his claim. There is no indication in Defendant's motion that he exhausted his administrative remedies before filing his motion and, of course, Defendant filed the motion before he actually self-reported to the BOP. Thus, the Court concludes that Defendant failed to establish that he exhausted his administrative remedies before his filed his motion. The portion of the motion that seeks compassionate release shall be denied without prejudice.

**II.     The Court Denies Defendant's *Pro Se* Motion Requesting A Judicial Recommendation Concerning Length Of RRC/Halfway House Placement.**

On December 23, 2024, Defendant filed this *pro se* motion, wherein he asks this Court make a judicial recommendation that Defendant "be allowed to go to the RRC/Halfway House in Detroit for 12 months." (Def.'s Motion at 2).

The BOP may place an inmate in a residential re-entry center ("RRC") or "halfway house" for no longer than twelve months at the end of his sentence. 18 U.S.C. § 3624(c)(1); *see also Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009). The BOP determines penal facility placement based on several factors, including statements made by the sentencing court. *United*

*States v. George*, 2018 WL 2148179 at *2 (E.D. Mich. 2018) (citing 18 U.S.C. § 3621(b)). While a court may make a non-binding recommendation for placement in a halfway house, the BOP has the exclusive authority to determine if an inmate should be placed there and, if so, for how long. 18 U.S.C. § 3621(b); *see United States v. Caudle*, 2019 WL 5086422 at *2 (N.D. Ohio 2019).

This Court concludes that the BOP has the most complete and accurate information regarding the all of the relevant factors, including the resources of the facility contemplated, and the history and characteristics of the prisoner, to make an individual determination regarding the timing and length of any halfway house placement for Defendant. Thus, the Court declines to make a judicial recommendation regarding halfway house placement pertaining to Defendant.

## CONCLUSION & ORDER

Accordingly, IT IS ORDERED that Defendant's Motion To Stay (ECF No. 39) is DENIED. To the extent that this motion seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), that portion of the motion is DENIED WITHOUT PREJUDICE and Defendant may file a new motion for compassionate release (1) after he properly submits a compassionate release request to his warden and fully exhausts his administrative rights to appeal an adverse decision, or (2) 30 days after his warden receives a compassionate release request from him, whichever is earlier.

IT IS FURTHER ORDERED that Defendant's motion requesting a judicial recommendation concerning the length of halfway house placement (ECF No. 42) is DENIED.

IT IS SO ORDERED.

Dated:  March 27, 2025                              s/Sean F. Cox                          
                                                    Sean F. Cox
                                                    United States District Court Judge

I hereby certify that on March 27, 2025, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

                                                    s/Emily Vradenburg                     
                                                    Case Manager