UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                        Criminal Case No. 23-20089

ABEL KUNNUJI, JR.,                       Sean F. Cox
                                                                       United States District Court Judge

    Defendant.

_____/

**OPINION & ORDER DENYING
DEFENDANT'S MOTION FOR EXTENSION OF TIME
TO FILE NOTICE OF APPEAL (ECF NO. 45).**

       In this criminal case, Defendant Abel Kunnuji, Jr. ("Defendant") pleaded guilty to one count of Conspiracy to Make False Statement During the Acquisition of a Firearm, in violation of 18 U.S.C. § 371.  The matter is currently before the Court on Defendant's pro se motion asking this Court to extend the time for him to file a notice of appeal.  The Government opposes the motion.  The Court concludes that oral argument is not necessary.  Local Rule 7.1.  For the reasons that follow, the Court DENIES motion.

**BACKGROUND**

       In this criminal case, Defendant pleaded guilty to one count of Conspiracy to Make False Statement During the Acquisition of a Firearm, in violation of 18 U.S.C. § 371.  This Court sentenced Defendant on August 28, 2024, and imposed a prison sentence of 12 months and one day, along with a two-year term of supervised release.  (*See* 9/29/24 Judgment, ECF No. 36).  At the time of sentencing, Defendant was represented by counsel, attorney Daniel Hilf.  During

1

sentencing, this Court expressly advised Defendant that he must file a notice of appeal within fourteen days if he wishes to appeal his conviction or sentence and Defendant confirmed on the record that he understood that.

The docket reflects that Defendant did not file a notice of appeal within fourteen days of the August 29, 2024 Judgment.

Nevertheless, Defendant continued to be represented by Mr. Hilf and Mr. Hilf negotiated with the Government to extend Defendant's date for reporting to the Bureau of Prisons. This Court allowed Defendant to delay his report date until "just after December 11, 2024," to allow Defendant to "finish his current college semester." (ECF No. 37).

Just days before his designated report date of December 12, 2024, Defendant hired additional defense attorneys who filed motions asking the Court to stay execution of his sentence and/or vacate it. This Court denied those motions in an Opinion and Order issued on March 27, 2025.

Acting *pro se*, on March 27, 2025, Defendant filed a written submission wherein he asks the Court to extend the time for him to file a notice of appeal. (ECF No. 45). Defendant dated that submission February 20, 2025.

The Government opposes Defendant's motion seeking an extension of time to file a notice of appeal. (ECF No. 50).

## ANALYSIS

Pursuant to Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure, a defendant's notice of appeal "must be filed in the district court within 14 days after the later of: (i) entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." Thus, Defendant had fourteen days from the August 29, 2024 judgment (until September 12, 2024) to file a notice of appeal.

While Rule 4(b) "is not jurisdictional," it is a mandatory claim-processing rule that must be enforced if raised by the Government. *United States v. Gaytan-Garza*, 652 F.3d 680, 681 (6th Cir. 2011); *see also United States v. Brown*, 817 F.3d 486, 488 (6th Cir. 2016). Here, the Government raised the issue by opposing Defendant's motion.

"Upon a finding of excusable neglect or good cause," this Court may "extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Fed. R. App. Pro. 4(b)(4).

Here, Defendant has failed to establish good cause or excusable neglect. At the relevant times, Defendant was represented by several attorneys and had full access to them. Defendant asserts:

> I was sentenced in your court on August 28th, 2024. At this time I requested that my representing attorney begin the process of Appeal. With the stress and anxiety of the judgment I was not able to spend any further time with my attorney, Mr. Daniel Hilf, to finalize arrangement on that day.

(ECF No. 45 at PageID.272). Defendant claims that at some time after January 21, 2025, when he was incarcerated and accessed the Court's docketing system, he realized a notice of appeal had not been filed. Notably, however, Defendant was on bond from the time of his August 29,

3

2024 sentencing up until December 12, 2024, when he reported to the Bureau of Prisons. Nothing prevented Defendant from discussing whether or not he wanted to pursue an appeal with his attorneys, or "finalize arrangements" during that time period.

Moreover, as the Government notes in its response brief, Defendant's motion to extend is untimely. Again, Rule 4(b)(4) provides that "[u]pon a finding of excusable neglect or good cause, the district court may – before or after the time has expired," "extend time to file a notice of appeal *for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).*" (emphasis added). Thus, this court is authorized to enlarge the time for Defendant to file his notice of appeal until no later than October 12, 2024, which is 30 days from the expiration of the time prescribed by Rule 4(b)(1)(A). Defendant did not file his motion seeking an extension of time until February 20, 2025[1] – more than thirty days after the time period for filing a notice of appeal expired. Thus, the motion to extend is untimely.

## CONCLUSION & ORDER

Accordingly, Defendant's Motion for Extension of Time to File Notice of Appeal (ECF No. 45) is DENIED.

IT IS SO ORDERED.

Dated:  May 16, 2025                                s/Sean F. Cox
                                                    Sean F. Cox
                                                    United States District Court Judge

---

[1] The Court uses the date of February 20, 2025, that Defendant put on his motion, even though it was not actually filed until March 27, 2025.

I hereby certify that on May 16, 2025, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

s/Caitlin Shrum
Case Manager
